## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF IOWA.

---

### JANUARY TERM 1845.

Hon. CHARLES MASON, Chief Justice.
" JOSEPH WILLIAMS, } Associate Judges.
" THOMAS S. WILSON, }

---

## Joseph Hughell, plaintiff in error, *vs.* Alexander A. Wilson, defendant in error.

### *Error to Jefferson.*

The act of Assembly of Jan. 25th 1839, authorizing a person who has a claim on the public lands marked out, but not enclosed, to maintain trespass against any person for cutting timber off the land so marked out, is valid.

This was an action of trespass brought by Wilson against Hughell before a justice of the peace, and a judgment obtained for $29,50, for costs and damages against Hughell, for cutting timber off the plaintiff's claim.

An appeal was taken to the District Court of Jefferson, and a verdict and judgment rendered for the plaintiff, for two dollars damages and seventy-nine dollars and seven cents costs.

On the trial, the defendant moved the court to charge the jury that the

act of the legislature entitled, "An act to prevent trespass and other injuries being done to the possession of settlers on the public domain, and to define the extent of the right of possession on the said lands," approved, January 25, 1839, is invalid and void, there being no power in the legislature to enact the same.

Second, That no action will lie in any court of law in this territory, brought by one private individual against another, to recover damages for cutting trees on the public lands, belonging to the United States, unless such cutting be done within an actual enclosure in the possession of the plaintiff. Which instructions the court refused to give. To which refusal the defendant excepted.

The defendant below is plaintiff in error.

HALL & HUMPHREYS, for plaintiff in error.

TEAS, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The only question to be decided in this case is whether the act of January 25, 1839 is valid so far as to authorize one person who has a claim on the public lands marked out and designated in accordance with that act, but not enclosed with a fence, to maintain an action of trespass against other persons for cutting timber thereon. We think the legislature in passing that act have not transcended their legitimate powers.

Before the enactment of that statute any person who had enclosed a portion of the public lands with a fence might maintain this action for trespasses within such enclosure. The legislature have declared that the marking out of the grounds in the manner provided for in the act, should be equivalent to an actual enclosure. They have merely changed the definition of the term constructive possession, or rather they have merely modified the circumstances under which this action would lie between one citizen and another. To deny them this power would be to restrict their authority to narrow limits indeed—much narrower than we are prepared to sanction.

It is said that this law interferes with the primary disposal of the soil. Whenever the case arises in which it has such an effect it will be time to resort to this argument. We cannot perceive that it has had this effect in the present instance. Even supposing an action brought against a person for riding over the public lands in search of a desirable location of a farm which he was designing to purchase from the United States, is the argument any stronger against this law than against the

well established and unquestionable rule, that an enclosure gives the right to maintain trespass? If, a person in search of lands to enter, passes within an enclosure on the public domain, is he liable as a trespasser? No, for there can be no law made either by legislative enactment or judicial construction which shall interfere with the primary disposal of the soil. The same rule and for a like reason would apply to the case of a person for riding across public land marked out in pursuance of the statute we have been considering.

Counsel sometimes overlook the fact that a statute may be valid as to some purposes and illegal as to others. Whenever the act of 1839 is attempted to be used for interfering with the primary disposal of the soil, it is impotent, in other cases omnipotent. The case now under consideration is of the latter class.

Judgment affirmed.